IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


GRACE KOREAN UNITED METHODIST
CHURCH, an Oregon nonprofit corporation;
and JEONG MI PARK, an individual,
                          Plaintiffs,

v.

MICHAEL CHERTOFF, Secretary of the
Department of Homeland Security of the United
States; EDUARDO AGUIRRE, Director, United
States Citizenship and Immigration Services;
GREGORY CHRISTIAN, Nebraska Service
Center Acting Director, United States Citizenship
and Immigration Services,
                          Defendants.

CV. 04-1849-PK

OPINION AND
ORDER

PAPAK, Magistrate Judge:

        Plaintiffs Grace Korean United Methodist Church (the Church) and Jeong Mi Park have

brought this action under Section 10b of the Administrative Procedures Act, 5 U.S.C. §702,

seeking judicial review of a decision by the Nebraska Service Center Director of the United

States Citizenship and Immigration Services (CIS) denying the Church's I-140 immigrant visa

petition.  Before the court are the parties' briefs as well as an Amici Curiae  brief by the American Immigration Law Foundation and the American Immigration Lawyers Association.

For the reasons set forth below, the court vacates Defendants' decision to deny Plaintiffs' I-140 immigrant visa petition and orders Defendants to approve the Church's I-140 petition on behalf of Park.

## FACTS

In 1996 the Church filed an Application for Alien Employment Certification, commonly known as "labor certification," with the Oregon Employment Department.  The Church specified in the application that it was seeking certification for the position of Director of Adult Activities and that a prospective employee must have a bachelor's degree (B.A.) "or equivalent" in the field of theology.  The application was received by the Oregon Employment Department (OED), the State Employment Service Agency responsible for overseeing the processing of the applications.  OED reviewed the application to ensure that the requirements were not overly narrow or tailored, and directed and supervised advertising and recruitment for the position.  On December 30, 1998, the Department of Labor (DOL) issued the labor certification, certifying that qualified U.S. workers were recruited for the position but that none were available.

After DOL issued the labor certification, the Church filed an I-140 immigrant visa petition on behalf of Park.  The petition was filed with the Nebraska Service Center (NSC), an agency within CIS.  On the petition, the Church requested classification under either the "skilled worker" or "professional" categories pursuant to 8 U.S.C. § 1153(b)(3)(A)(i)&(ii).  To demonstrate that Park met the requirements of the position, the Church submitted evidence of

Park's education[1] and relevant experience, and degree equivalency determinations attesting that Park's combined education and experience constituted the equivalent of a bachelor's degree.

The NSC denied the I-140 petition on the grounds that the petition failed to demonstrate that Park had the equivalent of a bachelors degree in theology based on formal education alone, and therefore failed to demonstrate that Park met the minimum educational requirements for the position.

The Church appealed the NSC's decision, and submitted a letter from Dong Hwan Lim, D. Min., the Dean of the Graduate School of Bethesda Christian University and Bethesda Theological Seminary. Dean Lim's letter stated that based solely on Park's Korean education, Bethesda Christian University would admit Park into its Masters of Divinity program as if she had the equivalent of a bachelor's degree in theology. The Administrative Appeals Office (AAO) dismissed the appeal.

The Church filed a motion for reconsideration, arguing that the Church's open position was a "skilled worker" position and that the NSC director improperly interpreted the phrase "B.A. or equivalent" to mean "B.A. or equivalent foreign degree" rather than "B.A. or the equivalent of a B.A." The AAO affirmed its previous decision, stating that the labor certification requires a candidate with a specific degree, and that Park did not possess that degree.

The Church filed another motion for reconsideration, arguing that the AAO was incorrect in concluding that a combination of education and experience may not be accepted in lieu of a degree where the labor certification requires a "B.A. or equivalent." Again, the AAO affirmed its

---

[1] Park had a four year degree in Home Economics from the Catholic University of Korea, plus two years of theological seminary in Korea.

prior decision, stating that degree equivalency will not suffice when the labor certification requires a candidate with a specific degree.

## STANDARD OF REVIEW

Under the APA, a reviewing court may not set aside an agency's action unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law...." 5 U.S.C. § 706(2)(A) (2001); Safari Aviation Inc. v. Garvey, 300 F.3d 1144, 1150 (9th Cir. 2002). Agency action may be reversed under the arbitrary and capricious standard only if the agency "has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." Safari Aviation Inc., 300 F.3d at 1150. An abuse of discretion may be found where the agency decision is based on an improper understanding of the law. Occidental Engineering Co. v. INS, 753 F.2d 766, 768 (9th Cir. 1985).

Where, as here, the court must review an agency's construction of a statute which it administers, the court must consider first whether Congress has directly addressed the issue. Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842 (1984). "If the intent of Congress is clear, that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." Id. At 842-43. If the court determines that the statute is ambiguous, the court must then determine whether the agency's construction of the statute is reasonable. Id. If the construction is a reasonable one, then the court should accord the agency deference unless it appears from the statute or its legislative

history that the agency's construction is contrary to clear Congressional intent.  Id. at 845; INS v. Cardoza-Fonsenca, 480 U.S. 421, 447-48 (1987).

## ANALYSIS

In its application for labor certification, the Church required a "B.A. or equivalent" in theology.  Defendants argue that this language can only be read to require a bachelor's degree or a single foreign equivalent degree.  Plaintiffs argue that Defendants' reading is erroneous, and that the language should be read to allow for the equivalency of a bachelor's degree based on education and experience.

In submitting an I-140, the petitioner must select a petition type.  The Church selected option (e), which is a petition for "a skilled worker (requiring at least two years of specialized training or experience) or professional."  A "skilled worker" is defined as,

> Qualified immigrants who are capable, at the time of petitioning for classification under this paragraph, of performing skilled labor (requiring at least 2 years of training or experience), not of a temporary or seasonal nature, for which qualified workers are not available in the United States.

8 U.S.C. § 1153 (b)(3)(A)(i).  The regulation implementing the "skilled worker" statue states that education may be considered as training:

> Skilled worker means an alien who is capable, at the time of petitioning for this classification, of performing skilled labor (requiring at least 2 years of training or experience), not of a temporary or seasonal nature, for which qualified workers are not available in the United States. Relevant post secondary education may be considered as training for purposes of this provision.

8 C.F.R. § 204.5(1).

A "professional" is defined as "qualified immigrants who hold baccalaureate degrees and who are members of the professions."  8 U.S.C.A. § 1153(b)(3)(A)(ii).   To show that the

immigrant is a member of the professions, the petitioner must submit evidence that the immigrant holds "a baccalaureate degree or a foreign equivalent degree" and that a minimum of a baccalaureate degree is required for entry into the occupation.  8 C.F.R. § 204.5(l)(2)(c).

The I-140 form does not require the employer to designate whether the petition is seeking classification of the applicant as a skilled worker or professional.   CIS regulations state that "[t]he determination of whether a worker is a skilled or other worker will be based on the requirements of training and/or experience placed on the job by the prospective employer, as certified by the Department of Labor."  8 C.F.R. § 204.5(l)(4).

Visa petitions may attempt classification under both categories.  If the applicant is determined ineligible for classification as a "professional," eligibility for classification as a "skilled worker" must also be considered.  Matter of [name not provided], A29 612 819 (AAU Jan. 15, 1993) (WSC)(LOS).  Accordingly, Park should have been considered for both professional and skilled worker status.

Defendants' argue that Park was ineligible for skilled worker status because she did not possess a bachelor's degree or a single foreign equivalent degree in theology.  They contend that the skilled worker classification does not allow equivalency based on education and experience. This construction of the skilled worker statute and regulations is contrary to the plain meaning of the statute and regulations as well as the clear Congressional intent.

The "skilled worker" statute establishes the minimum requirements for that classification. 8 C.F.R. § 204.5(l)(3)(ii)(B) ("The minimum requirements for this classification are at least two years of training or experience.").  In other words, the position may require more than 2 years of training and experience and still fall within the "skilled worker" classification.  In addition, the

implementing regulations expressly provide that training may include post-secondary education. 8 C.F.R. § 204.5(l)(2).

Neither the statute nor the implementing regulations require an actual degree for approval under this classification. Had Congress intended to require skilled workers to posses a degree, it would have included that requirement as it did in the "professional" classification. See INA § 204(b)(3)(A)(ii). This interpretation is supported by CIS's own comments to the regulations implementing the definitions of "skilled worker" and "professional:" the agency stated unequivocally that "[p]ersons formerly qualifying for third preference by virtue of education and experience equating to a bachelor's degree will qualify for the third employment category as skilled workers with more than two years training of training and experience." 56 FR 60897, 60900 (Final Rule: Employment-Based Immigrants, Nov. 29, 1991). Because Congress did not require a degree for classification as a "skilled worker," defendants' requirement that Park possess an actual degree is contrary to the plain language of the statute and the clear Congressional intent.

In the alternative, Defendants argue that Plaintiffs established job qualifications in the labor certification beyond the minimum qualifications established by statute. In this case, Defendants contend Plaintiffs established a specific degree requirement by use of the phrase "B.A. or equivalent." This argument is also untenable as it offers an explanation for its decision that runs counter to the evidence before the agency and is based on an implausible construction of the language in the labor certification.

It is the employer, working under the supervision and direction of OED and DOL, that establishes the requirements for employment. CIS looks to education and experience

requirements in the labor certification to determine whether the applicant falls within the skilled worker or professional classification. That determination should be "based on the requirements of training and/or experience placed on the job by the prospective employer, as certified by the Department of Labor." 8 C.F.R. § 204.5(l)(4). It is the responsibility of the employer, not CIS, to establish the criteria for the open position. It is undisputed that the Church intended the language "B.A. or equivalent" to include degree equivalency based on education and experience, because it drafted the labor certification with Park in mind. It is also not in dispute that Park possessed the equivalent of a bachelor's degree in theology based on her unique combination of education and relevant experience.

CIS does not have the authority or expertise to impose its strained definition of "B.A. or equivalent" on that term as set forth in the labor certification. Tovar v. U.S. Postal Service, 3 F.3d 1271, 1276 (9th Cir. 1993) (stating that U.S. postal Service has no expertise or special competence in immigration issues); Omar v. INS, 298 F.3d 710, 714 (8th Cir. 2002), *overruled in part on other grounds,* Leocal v. Ashcroft, 543 U.S. 1, ___ (2004) (finding INS interpretation of criminal statute not entitled to deference). If any agency has the power to define the job qualifications set forth in a labor certification, it is the DOL, the agency responsible for reviewing and adjudicating the labor certification. Here, the only evidence before this court is that DOL and OED worked with the Church in drafting the labor certification and advertising the position, knowing full well Park's credentials.

**CONCLUSION**

For the foregoing reasons, the court holds that Defendants' decision to deny Plaintiffs' I-140 immigrant visa petition on the grounds that plaintiff Park did not have a foreign degree equivalent to a B.A. in Theology was arbitrary, capricious, and an abuse of discretion. The court vacates Defendants' decision and orders Defendants to approve the Church's I-140 immigrant visa petition on behalf of Park.

Dated this 3rd day of November, 2005.

  /s/ Paul Papak
Honorable Paul Papak
U.S. Magistrate Judge