IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GRACE KOREAN UNITED METHODIST
CHURCH, an Oregon nonprofit corporation; and
JEONG MI PARK,
          Plaintiffs,

v.

MICHAEL CHERTOFF, Secretary of the Department
of Homeland Security of the United States; EDUARDO
AGUIRRE, Director, United States Citizenship and
Immigration Services; and GREGORY CHRISTIAN,
United States Citizenship and Immigration Services,
          Defendants.

CV. 04-1849-PK

OPINION AND ORDER

PAPAK, Magistrate Judge:

      Plaintiffs Grace Korean United Methodist Church (the Church) and Jeong Mi Park brought this action under Section 10b of the Administrative Procedures Act, 5 U.S.C. §702, seeking judicial review of a decision by the Nebraska Service Center Director of the United States Citizenship and Immigration Services (CIS) denying the Church's I-140 immigrant visa petition. On November 3, 2005, the court issued an order vacating Defendants' decision to deny

Page 1 - OPINION AND ORDER

the Church's I-140 immigrant visa petition and ordering Defendants to approve the Church's I-140 petition on behalf of Park.

Before the court is Plaintiffs' Motion for Attorney Fees and Costs (No. 32) pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412(d).  For the reasons set forth below, the motion is granted and Plaintiffs are awarded $39,166.15 in attorney's fees.[1]

## BACKGROUND

In 1996 the Church filed an Application for Alien Employment Certification, commonly known as "labor certification," with the Oregon Employment Department.  The Church specified in the application that it was seeking certification for the position of Director of Adult Activities and that a prospective employee must have a bachelor's degree (B.A.) "or equivalent" in the field of theology.  On December 30, 1998, the Department of Labor (DOL) issued the labor certification, certifying that qualified U.S. workers were recruited for the position but that none were available.

After DOL issued the labor certification, the Church filed an I-140 immigrant visa petition on behalf of Park.  The petition was filed with the Nebraska Service Center (NSC), an agency within CIS.  On the petition, the Church requested classification under either the "skilled worker" or "professional" categories pursuant to 8 U.S.C. § 1153(b)(3)(A)(i)&(ii).  To demonstrate that Park met the requirements of the position, the Church submitted evidence of

---

[1] On April 10, the court received a letter from counsel for Plaintiffs asking the court to disregard the supplemental response filed by Defendants after the date this motion was under advisement.  Given this opinion, the court finds Plaintiffs' request moot and will not address it on the merits.

Page 2 - OPINION AND ORDER

Park's education[2] and relevant experience, and degree equivalency determinations attesting that Park's combined education and experience constituted the equivalent of a bachelor's degree.

The NSC denied the I-140 petition on the grounds that the petition failed to demonstrate that Park had the equivalent of a bachelors degree in theology based on formal education alone, and therefore failed to demonstrate that Park met the minimum educational requirements for the position.

The Church appealed the NSC's decision, and submitted a letter from the Dean of the Graduate School of Bethesda Christian University and Bethesda Theological Seminary stating that Bethesda Christian University would admit Park into its Masters of Divinity program as if she had the equivalent of a bachelor's degree in theology. The Administrative Appeals Office (AAO) dismissed the appeal.

The Church filed a motion for reconsideration, arguing that the Church's open position was a "skilled worker" position and that the NSC director improperly interpreted the phrase "B.A. or equivalent" to mean "B.A. or equivalent foreign degree" rather than "B.A. or the equivalent of a B.A." The AAO affirmed its previous decision, stating that the labor certification requires a candidate with a specific degree, and that Park did not possess that degree. The Church filed another motion for reconsideration, arguing that the AAO was incorrect in concluding that a combination of education and experience may not be accepted in lieu of a degree where the labor certification requires a "B.A. or equivalent." Again, the AAO affirmed its

---

[2] Park had a four year degree in Home Economics from the Catholic University of Korea, plus two years of theological seminary in Korea.

Page 3 - OPINION AND ORDER

prior decision, stating that degree equivalency will not suffice when the labor certification requires a candidate with a specific degree.

Plaintiffs then filed this action seeking judicial review of the decision denying the Church's I-140 immigrant visa petition. On November 3, 2005, the court issued an order vacating Defendants' decision and ordering Defendants to approve the Church's I-140 petition.

## LEGAL STANDARD

Under the EAJA a prevailing party receives attorney fees unless the position of the United States was substantially justified:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C.A. § 2412(d)(1)(A).

The government's position is "substantially justified" if it "had a reasonable basis both in law and in fact." Pierce v. Underwood, 487 U.S. 552, 563-64 (1988). "[T]he government need not be justified to a high degree, but rather justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." U.S. v. Real Property at 2659 Roundhill Drive, 283 F.3d 1146, 1151 (9th Cir. 2002) (citations omitted). In determining whether the government's position was substantially justified, the court must look at both the government's conduct giving rise to litigation and the government's conduct during litigation. Id. The


government must have had to have been substantially justified in both its original agency action and pursuing that action in court. Id. "The government bears the burden of showing substantial justification." Edwards v. McMahon, 834 F.2d 796, 802 (9th Cir. 1987).

## ANALYSIS

The parties agree that the motion was timely filed and that Plaintiffs are the "prevailing party." The only issues before this court, therefore, are whether Defendants' position was substantially justified and, if not, whether Plaintiffs should be able to recover more than the statutory level of attorneys fees.

I.      Substantial Justification

      A.      Defendants' pre-litigation position

Defendants interpreted the phrase "B.A. or equivalent" in the Church's application for labor certification to require a bachelor's degree or a single foreign equivalent degree. Defendants continued to hold to this interpretation despite Plaintiffs' arguments and assertions during an appeal and two motions for reconsideration that the language was intended to and should be read to allow for the equivalency of a bachelor's degree based on a combination of education and experience. Defendants argue now that their interpretation was reasonable and supported by authority. The court disagrees. For a position to be considered substantially justified under the EAJA, the court must find that a "genuine dispute" exists in the case. Pierce, 487 U.S. at 565. Here, the court found that Defendants' construction of the skilled worker statute and regulations was "contrary to the plain meaning of the statute and regulations as well as the clear Congressional intent." (Opinion & Order at 6.) Further, the court does not agree that the cases cited by Defendants in their response to the motion for attorneys's fees support their

Page 5 - OPINION AND ORDER

argument that CIS has the authority to interpret job requirements set out in labor certifications. In <u>Madany</u>, for example, the court directed INS to be mindful of DOL interpretations of terms contained in labor certifications and said that CIS may not impose job qualifications beyond those stated in the labor certification:

> We recognize that the statutory division of authority between DOL's labor certification determination and INS' preference classification decision can lead to some discontinuity insofar as DOL-imposed job requirements are subject to interpretation by INS in its review of the alien's qualifications. Accordingly, INS will need the sensitivity to coordinate DOL and INS interpretations and to follow the Act's directive to consult with DOL when correctable discrepancies between the alien's qualifications and the labor certification job requirements appear. INS must also recognize that DOL bears the authority for setting the *content* of the labor certification and that it cannot impose job qualifications beyond those contemplated therein.

<u>Madany v. Smith</u>, 696 F.2d 1008, 1015 (D.C. Cir. 1983).

Defendants devote the majority of their briefing to their argument that CIS is authorized to examine the credentials of the proposed alien and determine whether the proposed alien meets the qualifications set forth in the labor certification. This premise, which is not disputed by Plaintiffs, does not support Defendants' argument that they were substantially justified in holding to the position that the term "BA or equivalent" meant a bachelor's degree or a single foreign equivalent degree. The issue before the court in the underlying case was whether Defendants defined too narrowly the term set forth in the labor certification, "B.A. or equivalent." On that issue, the Defendants have failed to provide authority showing that their position was substantially justified.

"The government bears the burden of showing substantial justification." <u>Edwards v. McMahon</u>, 834 F.2d 796, 802 (9th Cir. 1987). The government has failed to meet that burden,

Page 6 - OPINION AND ORDER

and I therefore find that the government was not substantially justified in its pre-litigation position.

      B.      Defendants' litigation position

Because I find that Defendants' pre-litigation position was not substantially justified, I do not need to address whether Defendants' litigation position was substantially justified. I will note, however, that even though counsel for the Defendants advanced the same arguments in support of the agency position, counsel moved the case with appropriate speed and efficiency and presented arguments fairly and informatively without taking an overly adversarial position.

II.     Fees

Under EAJA, attorney fees are calculated at a statutory rate of $125 per hour, adjusted for inflation. 28 U.S.C. § 2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140, 1148 (9th Cir. 2001). The court may award fees at a higher rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

Plaintiffs argue that attorneys Robert W. Donaldson and Jennifer M. Morrissey are entitled to fees in excess of the statutory rate because they possess special expertise that was needed for this litigation. For Mr. Donaldson, Plaintiffs seek to recover fees at his usual billing rate of $275 for work done in 2005 and $300 for work done in 2006. For Ms. Morrissey, Plaintiffs seek to recover fees at her usual billing rate of $170 for work done in 2005 and $190 for work done in 2006.

The court finds that Mr. Donaldson possesses special knowledge and experience in immigration law, that Mr. Donaldson's special knowledge and experience was necessary for the

level of complexity presented by this litigation, and that an attorney with similar knowledge and experience would not have been obtained at the statutory rate. Mr. Donaldson is, therefore, entitled to recover fees at a higher rate. The court will award Mr. Donaldson's fees at the rate of $275 per hour for work done in 2005 and 2006.

While the court recognizes that Ms. Morrissey is an accomplished attorney with a combined total of nine years experience in immigration law, three years as a practicing attorney and six years as a paralegal and law clerk, the court does not agree that Ms. Morrissey possesses the level of experience necessary to justify a fee higher that the EAJA rate. Accordingly, the court will award Ms. Morrissey fees at the rate of $157 per hour, which is the statutory rate adjusted for inflation.

Plaintiffs seek to recover fees for 63.3 hours of work by Mr. Donaldson and 159.45 hours of work by Ms. Morrissey and have submitted relevant time sheets for both attorneys. Defendants argue that the court should identify and eliminate specific hours as unreasonable, but fail to identify specific entries that they believe should be eliminated. After reviewing Mr. Donaldson's and Ms. Morrissey's timesheets, I find the hours expended to be reasonable with exception to time spent on the Reply brief for this motion. On that Reply brief, fees will be awarded for 6.5 hours for work done by Mr. Donaldson and 10 hours for work done by Ms. Morrissey. No other reductions will be made.

Finally, Plaintiffs have argued in their brief that they are also entitled to recover costs. Plaintiffs did not, however, submit a cost bill, and the court is unable to determine whether appropriate costs should be awarded. Plaintiffs' request for costs is therefore denied.

CONCLUSION

Plaintiffs' Motion for Attorney Fees and Costs (No. 32) is granted and Plaintiffs are awarded $39,166.15 in fees but no costs.

Dated this 13th day of April, 2006.

    /s/ Paul Papak
Honorable Paul Papak
U.S. Magistrate Judge